# Boff v. Inter-Continental Hotels Investigation

**William H. Daley, III**
**Mechanical Engineer**

**January 3, 2018**

**CED Case No. 12464.1**



**Technologies Incorporated**



DEFENDANT'S
EXHIBIT
4

**Table of Contents**

Introduction ..................................................................................................................................1

Background...................................................................................................................................1

Investigation ................................................................................................................................2

Inspection. ...................................................................................................................................4

Discussion...................................................................................................................................11

Conclusions ...............................................................................................................................12

**Boff v. Inter-Continental Hotels Investigation**
**CED Case No. 12464.1**

## Introduction

CED Technologies, Inc. (CED) was asked to perform an investigation and analysis in relation to an incident involving a fall at a hotel located in Washington, D.C. A hotel guest fell as she was attempting to gain the attention of a vehicle at the front entrance awning of the hotel. The purpose of CED's investigation and analysis was to determine if rainwater runoff from the hotel's awning could have caused and/or contributed to this incident.

## Background

In the early morning hours of July 29, 2016, Ms. Ruth Boff arrived at the front of the Willard Inter-Continental Hotel (hotel) located at 1401 Pennsylvania Avenue, NW in Washington, D.C. An awning was located at the curbside main entrance of the hotel (**Figure 1**). Video surveillance at the time of her incident indicated that baggage for Ms. Boff and her niece was unloaded from a vehicle at the curbside main entrance of the hotel. After the driver unloaded the baggage from the vehicle, Ms. Boff and another individual can be seen; as the vehicle was pulling away from the curb, Ms. Boff attempted to gain the attention of the vehicle's driver and fell. It had been raining prior to the time of this incident.



FIGURE 1- MAIN ENTRANCE OF THE WILLARD INTER-CONTINENTAL HOTEL

**CED TECHNOLOGIES, INC.**

**Page 2  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1**

<u>Investigation</u>

CED's investigation included a review of the following written materials:

1. Amended Complaint.
2. Plaintiff's Responses to Defendant's, Inter-Continental Hotels Corporation, First Set of Interrogatories.
3. Surveillance video of the incident.
4. Photographs taken by others.
5. 2013 District of Columbia Building Code.
6. District of Columbia code file for the hotel.
7. U.S. Naval Observatory Astronomical data.
8. Weather data for the day of this incident.

CED inspected the incident location on December 5, 2017.  The inspection was documented with notes, measurements and 74 color digital photographs.

<u>Amended Complaint</u>:  This document revealed the following information:

- The incident:

  > *On or about July 29, 2016 Plaintiff, a guest at the hotel, slipped and fell on the polished granite ramp, which was wet from rain, at the 1401 Pennsylvania Avenue, N.W., doorway of the hotel. (Paragraph 6)*

- The cause of the incident:

  > *The awning had been placed in violation of District of Columbia Building Code Chapter 32, Encroachments into the Public Right of Way, §3201-4 so that it caused rainwater to pour directly onto the polished granite ramp where Plaintiff walked. (Paragraph 7)*

  > *At all times mentioned herein, Defendants had the duty to place the awning in compliance with District of Columbia Building Code Chapter 32, Encroachments into the Public Right of Way, §3201-4 so that it properly protected the ramp at the hotel from rain and that it did not pour rainwater directly onto it, and to otherwise protect the public from such dangers. (Paragraph 12)*

**CED TECHNOLOGIES, INC.**

Page 3  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1

**Plaintiff's Responses to Defendant's, Inter-Continental Hotels Corporation, First Set of Interrogatories**:  This document revealed the following information:

- Statement of the incident:

  *It was 1:30 AM and I was arriving at the Willard hotel with my niece, Nicole.  Our driver stopped at one of the hotel's entrances, as we briefly exited the vehicle and tried to open the doors to the Willard Hotel, only to find out they were not opening.  As I turned to return to our driver's vehicle and look for another entrance, I slipped on the slippery ramp connecting the street and the sidewalk in front of the Willard Hotel.  I was wearing athletic shoes and had no reason to slip other than the fact that the surface of the ramp was excessively slippery due to the water which was falling from the awning down onto the ramp.  No one from the hotel came to check on me or help me up. (Paragraph 2)*

- The conditions that allegedly caused or contributed to this incident:

  *Awning near the entrance of hotel was designed so that water spills onto sloping smooth granite surface on hotel exit ramp, notwithstanding defendant's knowledge of hazard. (Paragraph 3)*

- Regarding witnesses:

  *My niece Nicole Huber, was with me that day.  Shortly before the fall we were both walking to the door of the hotel only to find out the doors weren't open.  As we both turned back to return to our driver's vehicle, I slipped but she was close by and had a good vantage point of my fall. (Paragraph 6)*

**Surveillance video**:  This document revealed the following information:

- 01:39:13      Vehicle pulls up to curb at awning entrance.
- 01:39:28      Driver exits, opens trunk and starts to unload luggage.
- 01:40:08      Four pieces of luggage unloaded.  Rear vehicle doors on both sides open and two passengers exit the vehicle.
- 01:40:20      Driver gets back in the vehicle.  Both passengers standing next to the luggage
- 01:40:49      Vehicle starts to pull away from the curb.

CED TECHNOLOGIES, INC.

Page 4  **Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1**

- 01:40:50        One of the passengers motions to the vehicle that was pulling away from the curb.
- 01:40:51        Passenger falls on the curb cut at the Pennsylvania Avenue.

**District of Columbia Building Code Chapter 32, Encroachments into the Public Right of Way:** This document revealed the following information:

- "Drainage. Drainage water collected from a roof, awning, canopy or marquee, and condensate from mechanical equipment shall not flow over a public walking surface." (Section 3201.4)

**Inspection**

This CED engineer inspected the incident area on December 5, 2017. As depicted in Figure 1, the gabled awning at the Pennsylvania Avenue entrance (main entrance) to the hotel contained three sections – the main section that covered the area from the center entrance doors to the curb area, and the right and left wings (as viewed facing the main entrance) near the curb. Each of these gabled sections contained downspouts that conveyed collected water underground.

There were two downspouts for the main gabled awning section. The downspouts for the main gabled section were located near the main entrance steps (**Figure 2 and 3**).

**CED TECHNOLOGIES, INC.**

Page 5  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1



FIGURE 2 – DOWNSPOUTS ON THE MAIN GABLED AWNING SECTION



FIGURE 3 – DOWNSPOUT ON THE MAIN GABLED AWNING SECTION

CED TECHNOLOGIES, INC.

Page 6  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1

There were two downspouts on both the right and left gabled awning sections. The downspouts for the right gabled wing are depicted in **Figure 4 and 5**. The downspouts for the left gabled wing are depicted in **Figure 6 and 7**.



FIGURE 4 – DOWNSPOUT ON RIGHT GABLED WING



FIGURE 5 - DOWNSPOUT ON RIGHT GABLED WING

CED TECHNOLOGIES, INC.

Page 7  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1



FIGURE 6 - DOWNSPOUT ON LEFT GABLED WING



FIGURE 7 - DOWNSPOUT ON LEFT GABLED WING

CED TECHNOLOGIES, INC.

**Page 8  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1**

During this CED engineer's inspection, the weather conditions included steady rain that started at 5:50 PM.  The purpose of CED inspecting the awning during a rainfall event was to observe the manner in which the rainwater was directed from the awning structure. During the steady rain, water from the gabled awning sections was not deposited onto any of the walking surfaces under or near the gabled awning sections.  Areas not covered by the gabled awning sections were wet as a result of the steady rain.  Pedestrians walking from uncovered areas tracked water to areas covered by the gabled awning section.

The condition of the walking surfaces under the gabled awning sections and adjacent uncovered walking surfaces was photo documented between 6:24PM and 6:52PM.  The condition of the walking surfaces at 6:52PM is depicted in **Figure 8, 9, 10 and 11**.



FIGURE 8 – 6:52PM WALKING SURFACES

**CED TECHNOLOGIES, INC.**

Page 9  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1



FIGURE 9 - 6:52PM WALKING SURFACES



FIGURE 10 - 6:52PM WALKING SURFACES

CED TECHNOLOGIES, INC.

**Page 10  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1**



FIGURE 11 - 6:52PM WALKING SURFACES

Based on data from the U.S. Naval Observatory, sunset on the day of CED's inspection occurred at 4:46PM and the end of civil twilight occurred at 5:16PM. Light illumination measurements were recorded between 6:10PM and 6:19PM on the curb cut near the left gabled awning section depicted in Figure 11. Measurements were recorded at the walking surface and at a point 36-in. above the walking surface. The measurements are summarized below.

| Location | Illumination (lux) Grade/36-in. above grade |
|----------|:-------------------------------------------:|
| Left curb cut segment | 90.7/84.2 |
| Center curb cut segment | 108.9/124.3 |
| Right curb cut segment | 153.7/129.3 |
| Curb near center segment | 165.8/224.9 |

CED TECHNOLOGIES, INC.

Page 11  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1

## Discussion

The Plaintiff's causation theory rests on a violation of the District of Columbia Building Code. Based on CED's inspection, such a theory is factually incorrect.

The gabled awning at the Willard Inter-Continental Hotel complied with the District of Columbia Building Code, Chapter 32, Encroachments into the Public Right of Way, Section 3201-4. Based on CED's inspection, the hotel's gabled awning did not collect water and permit that collected water to flow over the public walking surfaces near the awning. Rather, the gabled awning contained a gutter system with downspouts that conveyed collected water underground and away from the area involved in Ms. Boff's incident. Based on CED's inspection of the gable awning, the awning did not deposit water onto the walking surfaces surrounding the awing, and therefore did not contribute to Ms. Boff's incident.

The illumination levels at the gabled awning at the Willard Inter-Continental Hotel complied with the means of egress of the District of Columbia Building Code. Chapter 10 of the District of Columbia Building Code required a minimum of 10 lux at the walking surface for the means of egress illumination. Based on CED's inspection, the minimum illumination at the walking surface near the incident location was 90.7 lux, or approximately nine times greater than the minimum required by the District of Columbia Building Code. The illumination in the area of Ms. Boff's incident was therefore appropriate to allow one to observe their surroundings and did not contribute to Mr. Boff's fall.

The incident circumstances as represented in the Plaintiff's responses are factually incorrect. In responses to interrogatories, the Plaintiff stated that she had briefly exited the vehicle, tried to open the hotel's doors and then turned to return to the vehicle when she fell. Surveillance video of the incident indicated that Ms. Boff and her niece exited the vehicle after the driver had removed baggage from the vehicle, stood near that baggage for approximately 41 seconds, Ms. Boff attempted to gain the attention of the vehicle as the

CED TECHNOLOGIES, INC.

Page 12  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1

vehicle pulled away from the hotel's curb, started to move to gain the attention of the vehicle driver, and then Ms. Boff fell.

The conditions that allegedly caused or contributed to this incident, as represented in the Plaintiff's responses, are factually incorrect.  The responses to interrogatories stated that the hotel's awning was designed so that water spills onto the curb cut.  Based on CED's inspection, any water collected by the hotel's gabled awning sections was then conveyed underground by downspouts and away from the incident area.

The Willard Inter-Continental Hotel's gabled awning did not cause and/or contribute to Ms. Boff's incident.

## Conclusions

Based on the review of written materials and the inspection of the incident location, CED is able to conclude the following to a reasonable degree of engineering certainty:

1. The gabled awning at the Willard Inter-Continental Hotel complied with the District of Columbia Building Code, Chapter 32, Encroachments into the Public Right of Way, Section 3201-4.
2. The illumination levels at the gabled awning at the Willard Inter-Continental Hotel complied with the means of egress of the District of Columbia Building Code.
3. The incident circumstances as represented in the Plaintiff's responses are factually incorrect.
4. The conditions that allegedly caused or contributed to this incident, as represented in the Plaintiff's responses, are factually incorrect.
5. The Willard Inter-Continental Hotel's gabled awning did not cause and/or contribute to Ms. Boff's incident.

**Page 13  Boff v. Inter-Continental Hotels Investigation - CED Case No. 12464.1**

The intention of the client for whom this report has been prepared, and the intention of the author, is to generate expert witness engineering reports, calculations and supplemental materials solely in connection with expert witness testimony or anticipated testimony for use in a judicial proceeding.  The analysis and conclusions provided are not to be relied upon for any purpose related to safeguarding the life, health or property of any persons or entities whatsoever, and are provided solely for use in the process for which the services of the author were retained.

CED reserves the right to amend this report should additional material become available.  If there are any questions about the content of this report, or if new information becomes available, please contact our offices.

Submitted by:

William H. Daley, III
Mechanical Engineer

Reviewed by:

Douglas M. Hrobak
Mechanical Engineer

**CED TECHNOLOGIES, INC.**