UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUTH EVANGELISTA BOFF, | : | Civil Action No. 1:17-cv-01523 |
| Plaintiff, | : | |
| v. | : | |
| INTERCONTINENTAL HOTELS | : | |
| GROUP RESOUORCES, INC., *et al.*, | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Ruth Evangelista Boff, for her Opposition to Defendants' Motion for Summary Judgment and her Motion for Partial Summary Judgment, states as follows, through counsel and pursuant to FRCP 56:

### I.   FACTS

This case concerns a slip-and-fall injury. Plaintiff was registered as a guest at Defendants' hotel.  Plaintiff slipped on a granite ramp extending from the Hotel's walkway extending from Defendants' hotel. See Boff Deposition Exhibit 3, attached hereto. At the time of the injury, rain was falling.  Defendants had an awning placed above the sidewalk adjoining the ramp.  The awning did not cover the ramp.  Rainwater poured down the awning and onto the ramp. The rain and the rainwater flowing down the awning and onto the ramp made the ramp more slippery. Plaintiff's exhibits and testimony also describe a small oil slick under the awning adjacent to the ramp. See Boff Deposition Exhibit 10. Plaintiff sustained serious injury to her ankle.  She was in the District of Columbia to receive a professional award.  Due to the accident Plaintiff had to accept the award in a wheelchair.

In support of their motion for summary judgment Defendants presented the report of an expert witness who stated that the awning had gutters that carried rainwater underground. Plaintiff's counsel was not present when the engineer examined the awning.  The examination took place on December 5, 2017 whereas the accident had happened on July 29, 2016.  It is not clear how long it had been raining before the witness examined the ramp.  No evidence was presented as to whether the gutters had been cleaned and, if so, when.  Photographs of the gutters allegedly taken during the expert's testing showed the gutters appeared to be rusted. The report states: "During the steady rain water from the gabled awning sections was not deposited onto any of the walking surfaces under or near the gabled awning sections." See Report of William H. Daley III (1/3/18), p. 10.  A photograph attached to the report shows a marked discrepancy in the color of the edges of the ramp and the center and bottom of the ramp.  (Dale report, Ex. 10).

The expert was of course not present when the accident occurred.  The Plaintiff testified at her deposition that it had been raining heavily when she rode in a taxi from the airport to the hotel (22-23).  Plaintiff testified at her deposition, "there was water and I was lying down [after she fell]." (Pl. Dep. 46, ll. 18-19).  She testified "I fell in the water".  (Pl. Dep. 72).  Plaintiff's counsel questioned Plaintiff, "So the rain that was falling – was it falling [on the sidewalk] or was it running all the way to the street or short of the street or was it falling from the roof?" Plaintiff responded, "The thing is it doesn't come all the way out to here so it's connected." (Pl. Dep. 71).  She explained, "I fell on the ramp.  There's a lot of water there." (Pl. Dep. 72)

The Plaintiff's answer to Interrogatory No. 3 is based on personal knowledge of the condition of the ramp at the time of the accident:

"There is an awning causing rainwater to spill directly onto the ramp which connects the sidewalk to the street.

"I slipped on the ramp because of the water spilling off of the awning and directly and indirectly onto the ramp, making it slippery, leading me to falling." (*Plaintiff's response to Interrogatory No. 3, attached hereto as Boff Deposition Exhibit 9*)

## II.   ARGUMENT

Defendants' motion is chiefly based on the argument that Plaintiff in a safety case is required to present expert evidence as to the national standard for safe design.  Plaintiff's Memorandum, <u>infra</u>, establishes that expert testimony is not required in all safety cases.  In a number of cited D.C. cases, Defendant's breach of the duty of care was held obvious to the average layperson, thus obviating the need for jury-negating expert testimony.

Each side is proposing a different inference from an agreed set of facts. Plaintiff argues the water that caused her to fall, that she fell into, did come off the awning.  Defendants contend the only water on the ramp came directly from the sky, not from the awning. The Defendants have presented no witness who had personal knowledge to rebut Plaintiff's sworn statement that the awning poured rain on the granite ramp and made the slippery ramp more slippery. The Defendants' expert report is suspect in that Plaintiff's counsel was not present when the expert inspected the awning, and the ramp, some five months after the Plaintiff fell.  The expert claimed it was raining when he inspected the awning and the ramp. However, as set forth in Plaintiff's Memorandum of law, it is clear there was considerably more rain the night Plaintiff fell than the evening when the expert inspected the ramp. The expert report does not state the facts underlying his conclusion, for example, whether the expert looked at the awning to see if rainwater was spilling off onto the ramp.

FRCP 56(f)(1) authorizes the Court to grant summary judgment to the non-moving party if the facts are undisputed and the law favors the non-moving party.  Plaintiff is entitled to partial summary judgment on the issue of liability.


\_\_/s/ William G. Dansie_____
William G. Dansie, Esquire
Dansie & Dansie, LLP
406 Fifth Street, NW
Washington, DC 20001
(202) 783-1597


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment was e-served on counsel for defendants the 6th day of July, 2018.



\_\_\_/s/\_William G. Dansie_____
William G. Dansie, Esquire