UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUTH EVANGELISTA BOFF, | : | Civil Action No. 1:17-cv-01523 |
| Plaintiff, | : | |
| v. | : | |
| INTERCONTINENTAL HOTELS | : | |
| GROUP RESOUORCES, INC., *et al*., | : | |
| Defendants. | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES
### IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

Plaintiff, Ruth Evangelista Boff, by her undersigned counsel and pursuant to FRCP 56, for her Opposition to Defendants' Motion for Summary Judgment and in support of Plaintiff's Motion for Partial Summary Judgment, through counsel, states as follows:

Plaintiff has established that:

1. Defendants had a duty of care in that she was an invitee of the Defendants' on the curtilage of Defendants' property.

2. Defendants breached the duty of care by the placement of the awning which was the proximate cause of her slip and fall because water fell off the awning onto the slick granite ramp where Plaintiff fell or because the awning failed to cover the smooth granite ramp without non-stick features on which Plaintiff slipped and fell. The exhibits and testimony verify abandoned oil was present.

3. Plaintiff was injured as the result of Defendants' negligence.

1

"If material facts … though undisputed, are susceptible of divergent inferences, summary judgment is not available." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Kuo-Yun Tan v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). The existence of the awning draining rainwater onto the granite ramp in this case is susceptible of divergent inferences. Expert testimony is not required to establish an inference that the awning placement was negligent. This is not the type of case where safety is at issue that requires a balancing of needs such as in the case of crowd safety or lighting of a construction. Common knowledge has been held to warrant an inference of negligence without the need of expert testimony in many cases involving safety,[1] for example, DeStefano v. National Children's Medical Center, 121 A.3d 59, 75 (D.C. 2015) (expert testimony not required as to whether uncovered parking garage vent amounted to negligence); Bostic v. Henkels & McCoy, Inc., 748 A.2d 421, 425-26 (D.C. 2000) (no expert testimony needed where boards covering a trench produced a gap between boards); Jimenez v. Hawk, 683 A.2d 457, 462-63 (D.C. 1996) (abandoned gasoline created inference of negligence without expert testimony); District of Columbia v. Shannon, 696 A.2d 1359, 1365-66 (D.C. 1997) (open hole in handrail amounted to negligence with no need for expert testimony); Trust v. Washington Sheraton Corporation, 252 A.2d 21, 22 (D.C. 1969) (expert testimony not required on whether a slightly raised bathroom step was dangerous).

In addition, Gubbins v. Hurson, 885 A.2d 269, 283 (DC 2005) held that the D.C. Court of Appeals permits the plaintiff in a proper case to rely upon both *res ipsa loquitur* and proof of specific acts of negligence.  Plaintiff will seek the *res ipsa* jury instruction at her trial.

---

[1] The federal Court is required to apply standards set by the District of Columbia Court of Appeals in adjudications involving negligence.  Briggs v. WMATA, 481 F.3d 839 (D.C. Cir. 2007).

The Defendants argue that, in safety cases, as a matter of law, negligence can only be established by expert testimony. Plaintiff's position, as set forth, supra, is that in this case, expert testimony is not required. Members of the jury are fully capable of determining whether the awning placement was or was not negligent, i.e., whether the awning caused rainwater to pour down on the ramp, or whether the ramp should have been covered by the awning, because the ramp is granite with no non-slip features and therefore inherently slippery when wet.

FCRP 56 (f)(1) provides that a Court may grant summary judgment for a non-moving party. Here, Plaintiff is entitled to partial summary judgment on the issue of liability without resolving the issue of damages. That is, the Defendants have presented no evidence to rebut Plaintiff's claim that water came down from the awning onto the ramp and made it slippery. The expert evidence presented by Defendants is not factual evidence. The expert report is flawed in that Plaintiff's counsel was not present when the awning was examined. The examination occurred five and one-half months after the accident. It is not clear whether the gutters had been cleaned when the accident occurred or when the expert examination occurred. It is not clear from the report how long it had been raining before the ramp was examined. What is clear was that not much water was on the ramp as photographed by the expert, whereas Plaintiff testified she fell in the water on the ramp. Plaintiff testified it had been raining all way from the airport to the hotel whereas the report of the expert submitted by Defendants dodoes not state how long it had been raining before the expert drew his conclusion.

Evidence is not relevant if it is remote in time from the facts at issue. Collins v. United States, 596 A.2d 4889, 494 (D.C. 1991); accord: Butts v. United States, D.C. Cir. No. 10-CF-836 (5/1/03). For experimental evidence to be admissible, the conditions of the experiment must

3

be substantially similar to those of the alleged occurrence.  Taylor v. United States, 661 A.2d

636, 643 (1995).

Facts win out over posteriorizing expert theories.  Plaintiff's counsel was not present

when the expert examined the awning and the ramp. Plaintiff testified from personal knowledge

that the awning poured rain onto the ramp.  The expert had no personal knowledge regarding the

incident.  The expert's report was flawed in two major particulars.


## CONTRIBUTORY NEGLIGENCE


Plaintiff had the right to assume that the approach to the hotel was in reasonably safe

condition.  By installing the canopy with its gutters, Defendants undertook to keep the sidewalk

safe.  The burden of proof -- as to whether it was the rain or the condition of the ramp or reckless

conduct that caused Ms. Boff to fall -- is on the Defendants. Robinson v. Park Central

Apartments, 248 F.Supp. 632 (D. D.C., 1965).

Defendants seek to carry their strenuous burden of proof of proximate cause and

contributory negligence by alleging that the hotel video of Plaintiff slipping on the ramp shows

that she was running toward the taxi before she fell. The said video does not show that Ms. Boff

was running before she fell.  "If material facts … though undisputed, are susceptible of

divergent inferences, summary judgment is not available." Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 247 (1986); Kuo-Yun Tan v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).

**WHEREFORE**, for the above good and valid reasons, the Defendants are not entitled to summary judgment.  Plaintiff is entitled to partial summary judgment on the issue of liability, leaving the amount of damages to be determined by a jury.

Respectfully submitted,

\_\_/s/\_William G. Dansie_____
William G. Dansie, Esquire
Dansie & Dansie, LLP
406 Fifth Street, NW
Washington, DC 20001
(202) 783-1597