**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

RUTH EVANGELISTA BOFF

      **Plaintiff,**

      v.

                                      **Civil Action No. 1:17-cv-01523**

**INTERCONTINTENTAL HOTELS
GROUP RESOURCES, INC.**

      **Defendants.**

## PLAINTIFF'S REPSONSES TO DEFENDANT'S, INTER-CONTINENTAL HOTELS CORPORATION, FIRST SET OF INTERROGATORIES

The following interrogatories are propounded upon you pursuant to the Federal Rules of Civil Procedure. Each interrogatory is to be answered individually and fully in writing, under oath, and a copy thereof served upon counsel for Defendant within thirty (30) days of service hereof.

### INSTRUCTIONS AND DEFINITIONS

A.      These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B.      Where the name or identity of a person is requested, or where you are asked to "identify" a person, state the person's full name, residence address, residence telephone number, business address, and business telephone number.

C.      Where the identity of a document or item is requested, or where you are asked to "identify" a document or item, please describe the nature of the document item, where it is currently located, identify the person in current possession of it, the date of its execution (if appropriate), the date of its creation (if appropriate), and each person or entity who has signed, endorsed, executed, or received a copy of it.

3/9/15 EXHIBIT R
BOFF 9
Planet Depos, LLC

D.      Unless otherwise indicated, all interrogatories refer to the facts alleged in the Complaint.

E.      As used herein, the terms "you," "your," and "Plaintiff' refer to Ruth Evangelista Boff and/or her agents, employees, or anyone acting on their behalf.

F.      As used herein, "Defendant" shall refer to Inter-Continental Hotels Corporation.

G.      The terms "occurrence" and "incident," as used herein, refer to the alleged incidents and occurrences as set forth in Plaintiffs Complaint.

H.      The term "Hotel" as used herein, refers to the  Willard  Intercontinental Washington Hotel, located at 1401 Pennsylvania Ave NW in Washington D.C.

## INTERROGATORIES

1.      State your full name, your home and business address, the date and place of your birth, social security number, and your marital status. If you have ever  used any names other  than the name listed in the pleadings herein, please list them.

Response: Ruth  Evangelista Boff, Allison  Ruth  Boff. Born:  10/25/1962  in  Hernandarias, Paraguay. Current Address: Edificio Paris, Paraguay, Single, Social Security Number to be given in more private manner.

2.      Give a concise statement  of the facts as to how you contend  the occurrence  took place.

Response: It was 1:30 AM and I was arriving at the Willard  hotel with my niece, Nicole.  Our driver stopped at one of the hotel's entrances, as we briefly exited the vehicle and tried to open the doors to the Willard Hotel , only to find out they were not opening. As I turned to return to our driver's vehicle and look for another entrance, I slipped on the slippery ramp connecting the street and the sidewalk in front of the Willard Hotel. I was wearing athletic shoes and had no reason to slip other than the fact that surface of

the ramp was excessively slippery due to the water which was falling from the awning down onto the ramp. No one from the Hotel came to check on me or help me up.

3.      Describe, in full detail, the condition(s) which you allege caused or contributed to the occurrence, including, but not limited to, its location, size, shape, color, visibility,  and/or odor.

Response: It was raining, accident occurred at the Willard InterContinental Washington Hotel. Awning near entrance of hotel was designed so that water spills onto sloping smooth granite surface on hotel exit ramp, notwithstanding defendant's knowledge of hazard.

4.      State with specificity all the facts upon which you base your contention that the damages alleged in this action were actually and proximately caused by the alleged  negligence of Defendant.

Response: There is an awning causing rainwater to spill directly onto the ramp which connects the sidewalk to the street. Further, there is no signage or other form of warning notifying people of this risk.

5.      State with specificity all the facts upon which you base your contention that the occurrence was actually and proximately caused by the placement of the awning, as alleged in the Complaint.

Response: When I was walking back to our driver's vehicle, I slipped on the ramp because of the water spilling off of the awning and directly and indirectly onto the ramp, making it slippery, leading to me falling.

6.      Identify all witnesses to all or part of the occurrence and their location at the time of the occurrence.

Response: My niece Nicole Huber, was with me that day. Shortly before the fall we were both walking to the door of the hotel only to find out the doors weren't open. As we both turned back to return to our driver's vehicle, I slipped but she was close by and had a good vantage point of my fall.

7.      If you contend that Defendant had actual or constructive notice of the condition(s) which you allege caused or contributed to the occurrence, state with specificity all the facts upon which you base your contention.

3

Response: Bell boy attendant mentioned others had slipped on same spot in the past.

8.      Describe in detail each of the injuries or damages you claim as a result of the alleged acts or omissions of each defendant, including whether you claim that any such injuries are permanent.

Response: Ankle break. Still suffering from injury, which includes not being able to wear high heels without pain. Permanency unknown at this time.

9.      Identify each health care provider who has examined or treated you as a result of the occurrence, and for each provider state the date and purpose of each examination or treatment.

Response: George Washington University Hospital, *7/29/2016-7/31/2016*, $51, 160.76; **Sup. Answer Visits were for purpose of treatment of injuries at issue in this case. We have provided all records received to date.**

Ciox Health, *1/27/2017*, $6.03; *2/10/2017*, $6.03; *3/16/2016*, $285.21; *3/30/2017*, $285.21; *9/12/2017*, $289.99. **Sup. Answer: Visits were for purpose of treatment of injuries at issue in this case. We have provided all records received to date.**

**Supp. Answer: Sanatorio Galenos, Aug 2016- Feb 2017, $13,437.00; Visits were for treatment (physical therapy) treatment of injuries at issue in this case. We have provided all records received to date.**

10.     Identify all health care providers, other than those identified in the previous interrogatory, who have examined or treated you during the period commencing five years before the occurrence and extending to the present, identifying the dates on which you were examined or treated and the reason for each examination or treatment.

Response: None.

11.     If you contend that a previous injury or condition was aggravated by the occurrence, describe what injury or condition was aggravated, identify all health care providers who treated

and/or examined you for such injury or condition, including the dates of each such treatment and/or examination.

Response: None known.

12. State whether you intend to seek future treatment with a health care provider for any alleged injuries sustained in this occurrence. If so, identify the provider which you intend to seek treatment with, and the purpose of such examination or treatment.

Response: There is a likelihood that I will need further treatment. **Sup. Answer: Plaintiff has not fully recovered from injury and will be consulting with physician regarding treatment.**

13. Itemize with particularity all items of monetary loss or damage you allege as a result of any act or omission by any defendant, and state the method for which you computed that amount. This includes, but is not limited to, all medical expenses, lost income, lost earning capacity, and lost services.

Response: Medical expenses of $ 50,000. Lost earning capacity and income, due to being unable to travel and appear at events and meetings. Business contracts for three separate franchises fell through due to inability to travel. **Sup. Answer: Details of missed events and meetings, as well as lost contracts are being gathered and will be provided as they are available to us. Further details will be provided by expert.**

14. State whether you claim future loss of earnings or earning capacity as a result of the occurrence and, if so, state the amount claimed, the method by which you computed that amount, the figures used in that computation, and the facts and assumptions upon which your claim is based.

Response: $ 100,000. As a result of lost future earnings of three separate franchises. Loss estimate derived from conservative estimate of value and gross income of current franchises, and thus what other franchises would have been likely to gross. Expert reports will be provided when obtained. **Sup. Answer: Loss of future earnings is claimed given that the injury led to the loss of three separate franchise. Conservative estimates based on the income of Ms. Boff's other franchises indicate that the lost franchise would have generated more than $100,000 in future earning to Ms. Boff. Due to**

**her injuries and resulting loss of these franchise opportunities, she has lost such future earnings.**

15.    Identify all your employers for the past ten years, the nature, dates and average weekly wages of each employment, the reasons for termination thereof, together with the dates and wages of any employment lost as a result of this occurrence.

Response: Self employed entrepreneur.

16.    Itemize with particularity any other loss or damage or relief sought to be recovered from Defendant.

Response: Medical records and lost income and earning capacity.

17.    If you expect to call any person(s) as an expert witness at the trial of this case, state the name and field of expertise of each such person, the facts and opinions to which each is expected to testify, and the basis for each such opinion. Others to be named.

Response: Nicole Huber. She is a model, tv personality and former beauty pageant winner. She can and will testify to the general events of the date of the accident, and more specifically to the events leading to the fall and injury. She was an eye witness to the fall. **Sup. Answer: Ms. Huber has personal knowledge of the revenue earning model, management, and figures related to Ms. Boff's franchises and general business. Thus, she can serve to corroborate the figures regarding lost earnings of Ms. Boff's business.**

18.    If any treating physician, health care provider or any person other than those listed in the previous Interrogatory, is expected to give opinion testimony at trial, state the name and field of expertise of each such person, the facts and opinions to which each is expected to testify, and the basis for each such opinion.

Response: None named at this time.

19.    If you contend that Defendant violated any statute or regulation, identify each such statute and regulation and state all the facts upon which you rely in support of your contention that each was violated.

Response: District of Columbia Building Code Chapter 32, Encroachments into the Public Rights of Way, § 3201-4. Violated as stated.

20.    Have any persons made or given to you, or to any employee(s), agent(s), or representatives acting on your behalf, any statements concerning the occurrence, any fact or information relevant to the injuries or damages claimed to have resulted from the occurrence or to any issue in the case?

Response: None.

21.    Identify each person, other than those identified elsewhere in answers to these interrogatories, known to you, your attorney, or anyone acting in or on your behalf, who has knowledge of any facts pertaining to the allegations of the Complaint at issue and/or the injuries or damages sustained, and indicate whether each such person was an eyewitness to any act, omission and/or injury which is the subject of the Complaint at issue.

Response: None known at his time.

22.    Identify each person who has investigated this matter. Include in your answer any governmental entities or personnel.

Response: None at this time.

23.    If, other than the claim in this case, you have ever made claims for damages or injuries (including, but not limited to, worker's compensation or disability claims), or have filed suit against anyone for any reason, state the nature of each such claim, the date of the incident giving rise to such claim or suit; the name of the person or entity against whom each claim was made, and any amounts received as a result of such claim.

Response: None.

24.    State whether you consumed any alcoholic beverages, drugs and/or medication within twenty-four (24) hours prior to the occurrence, the places where such alcoholic beverages, drugs and/or medication were obtained, and the nature and amount thereof.

7

Response: None.

Dated: October 30, 2017

Respectfully submitted,

/s/_____
William G. Dansie, Esquire
DC Bar No. 385076
Counsel for Plaintiffs
406 5th St. NW
Washington, D.C. 20001
Telephone: (202) 783-1597
William@dansielaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 22th day of November, 2017, a copy of the foregoing

[supplemented] Plaintiff's Responses to Defendant's Interrogatories was sent via email and first class

mail, postage prepaid, to the parties listed below:

_____/s/_____
William G. Dansie, Esq.

Michael L. Pivor, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W.,
8th Floor Washington, D.C. 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
mpivor @bonnerkiernan.com

8

Verification

I certify under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and understanding.

Executed on _ 22/11/17

By: Ruth Evangelista Boff