IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

RUTH EVANGELISTA BOFF    :

   Plaintiff,       :

   v.          :   Civil Action No. 1:17-cv-01523

INTERCONTINTENTAL HOTELS :
GROUP RESOURCES, INC.   :

   Defendants.     :

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW Defendants InterContinental Hotels Group Resources, Inc. and Inter-Continental Hotels Corporation (hereinafter "Defendants"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, pursuant to Fed. R. Civ. Proc. 56; and LCvR 7(a) and 7(h) and in support of its opposition to Plaintiff's Motion for Partial Summary Judgment states as follows:

## I. FACTUAL BACKGROUND

The Willard InterContinental Washington D.C. Hotel (hereinafter "the Hotel") is located in the District of Columbia, and is operated by Defendant Inter-Continental Hotels Corporation. The Amended Complaint alleges that on July 29, 2016, Plaintiff Ruth Evangelista Boff ("Plaintiff") slipped and fell on the granite ramp, which was wet from rain, at the 1401 Pennsylvania Avenue, N.W. entrance of the hotel. (See Amended Complaint at ¶ 6). Video surveillance of the occurrence reveals that Plaintiff exited a taxi in front of the Hotel. It was

raining at the time. A few moments later, the taxi began to drive away. As the taxi began to drive off, Plaintiff proceeded to run after it. As Plaintiff was running after the moving vehicle, she slipped and fell.

The Amended Complaint alleges that the awning above the entrance to the Hotel was placed in violation of District of Columbia Building Code so that it caused rainwater to pour directly onto the granite ramp where Plaintiff walked. (See Amended Complaint at ¶ 7). In response to these allegations, Defendants retained the services of a mechanical engineer, William Daley, P.E., to evaluate the awning at issue. Mr. Daley's expert report concluded that the Hotel's awning did not cause or contribute to Plaintiff's incident. (See Daley Report (Ex. 1); See also Defendant's Rule 26(a)(2) Statement [ECF 14]).

Plaintiff made no effort to depose Mr. Daley and assess his conclusions, nor did Plaintiff retain her own expert to support her allegations. Nonetheless, Plaintiff now asserts that Mr. Daley's report is flawed, and that therefore Plaintiff is somehow entitled to summary judgment on the issue of liability.

## II.    ARGUMENT

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine when, upon review of the evidence, a reasonable jury could find for the nonmovant. *Id.* In the matter at hand, the record overwhelmingly establishes that a jury could find for Defendants.

### A. Plaintiff's Motion Does not Comply with LCvR 7(h)

Plaintiff's Motion for Partial Summary Judgment is squeezed within the confines of her opposition to Defendants' Motion for Summary Judgment. [See ECF 20]  Nonetheless, as this Court has already recognized, it is in fact a separate and distinct motion.  To that end, as with any motion for summary judgment, Plaintiff's motion is required to comply with this Court's Local Rules—namely LCvR 7(h).  Plaintiff's motion does not so comply.

Under the Local Rules, each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. LCvR 7(h).  Plaintiff's motion does not contain any statement of material facts which are not in dispute.  Each such motion must also contain or be accompanied by a memorandum of points and authorities and proposed order as required by LCvR 7(a), (b) and (c).  (Id.)  Plaintiff has not filed a separate memorandum of points and authorities in support of her motion, nor did she file a proposed order.

Plaintiff's motion should be denied inasmuch as it fails to comport with the requirements set forth in the Local Rules.

### B. Defendants Have Produced Evidence to Rebut Plaintiff's Claim of Negligence

In the District of Columbia, "[t]he elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Woods v. District of Columbia*, 63 A.3d 551, 553 (D.C. 2013) (*quoting Taylor v. District of Columbia*, 776 A.2d

1208, 1214 (D.C. 2001)). In order to prevail on a negligence claim under D.C. law, a plaintiff "must prove the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury." *Scales v. District of Columbia*, 973 A.2d 722, 730 (D.C. 2009)).

It is well-established in the District of Columbia that the "mere happening of an accident does not impose liability or reveal proof of negligence." *District of Columbia v. Davis*, 386 A.2d 1195, 1200 (D.C. 1978). The burden is upon the invitee to show that the Defendant breached a duty of care to the Plaintiff. *Smith v. Safeway Stores, Inc.*, 298 A.2d 214 (D.C. 1972). Thus, the mere fact that Defendant Inter-Continental Hotels Corporation operated the Hotel does not in itself render it negligent for any injury that may have occurred on the premises. Furthermore, the mere fact that Plaintiff allegedly slipped and fell on a wet sidewalk outside the hotel's premises does not render Defendants negligent. Rather, in a premises liability action, Plaintiff must establish the applicable standard of care was breached by Defendants.

Plaintiff assertion that there is no factual evidence to dispute her liability claim is blatantly incorrect. As a threshold matter, the video footage produced in this case is factual evidence, which rebuts Plaintiff's claim of negligence. (See video footage, produced as Exhibit 1 to Defendants' Motion for Summary Judgment). First, the video footage does not show rainwater pouring off the awning onto the sidewalk or ramp below. (Id.) That fact in itself completely negates Plaintiff's claim of negligence. Second, the footage shows Plaintiff slipping as she was running after a moving vehicle. That is clear evidence that the accident was caused by her own negligence, not a breach of the applicable standard of care.

Additionally, in the matter at hand, Plaintiff's sole factual allegation in the Amended Complaint is that "the awning [above the exterior of the front entrance to the Hotel] was placed in violation of District of Columbia Building Code Chapter 32, Encroachments into the Public Rights of Way, § 3201-4 so that it caused rainwater to pour directly onto the polished granite ramp where Plaintiff walked." (See Amended Complaint at ¶ 7). Plaintiff's theory of liability focuses on the construction, design, and engineering of the awning. In support of that theory, Plaintiff has produced absolutely nothing. As argued in Defendants' Motion for Summary Judgment, Plaintiff failed to designate an expert to articulate the standard of care relative to the design and construction of the awning, in order to establish that Defendants deviated from that standard.

In response to the allegations set forth in the Amended Complaint, Defendants retained the services of a mechanical engineer, William Daley, P.E., to evaluate the awning at issue. Facts set forth by a party's expert can be utilized to withstand a summary judgment motion. *Mendes-Silva v. United States*, 980 F.2d 1482, 1488 (D.C. Cir. 1993). Mr. Daley inspected the awning during the evening when there was steady rainfall. Mr. Daley's expert report noted that the awning did not collect water and permit that collected water to flow over the public walking surfaces near the awning. Rather, the awning contained a gutter system with downspouts that conveyed collected water underground and away from the area involved in Plaintiff's incident. Mr. Daley concluded that: (1) the awning complied with District of Columbia Building Code, Chapter 32, Encroachments into the Public Right of Way, Section 3201-4; (2) the illumination levels at the awning complied with the means of egress of the District of Columbia Building Code, and, (3) the Hotel's awning did not cause or contribute to Plaintiff's incident. (Ex. 1; See also Defendant's Rule 26(a)(2) Statement [ECF 14]).

Mr. Daley's proposed testimony at trial will be consistent with the conclusions rendered in his report. He concludes that the awning did not pour water onto the sidewalk below and thus cause the incident. (Id.) Such conclusions explicitly rebut Plaintiff's theory of liability. Assuming *arguendo* that this matter were to proceed to trial, and the jury believes Mr. Daley's testimony, then logically the jury will be accepting that Defendants' awning did not cause or contribute to Plaintiff's incident.[1] If that were to occur, Plaintiff's theory of liability will have been rejected, and a verdict will be rendered for Defendants.

Plaintiff's contention that Mr. Daley's report is flawed is completely baseless. There is no requirement whatsoever that Plaintiff's counsel be present during an expert's examination in order for it to be considered valid. Plaintiff has provided no authority for such a preposterous position. Plaintiff then questions whether the circumstances of Mr. Daley's examination were similarly situated to the circumstances of the incident. For example, Plaintiff is unclear whether the gutters had been cleaned prior to the incident or examination, or how long it had been raining before the ramp was examined. As for whether the gutter had been cleaned prior to the incident, Plaintiff was free to depose a representative from the Hotel to explore this issue. Yet Plaintiff chose not to do so. As to these other questions, Plaintiff was free to depose Mr. Daley to gain some clarity on these issues. Yet Plaintiff chose not to do so. Alternatively, Plaintiff was free to retain her own engineering expert, to examine the scientific validity of Mr. Daley's testing and conclusions. Once again though, Plaintiff chose not to do so.

The fact remains that Mr. Daley examined the awning on an evening when there was steady rainfall, similar to the that of the evening of the incident, and concluded that the

---

[1] As argued in Defendants' Motion for Summary Judgment, however, Plaintiff's failure to retain an expert witness should preclude this matter from proceeding to trial under District of Columbia law.

construction and design of the awning rendered it scientifically impossible for it to have contributed to the incident.  As such, Mr. Daley's report and anticipated testimony are evidence that Defendants did not violate any applicable standard of care.  Inasmuch as this evidence directly contradicts Plaintiff's theory of proximate causation, Plaintiff is not entitled to partial summary judgment on the issue of liability.

### III.    CONCLUSION

WHEREFORE, Defendants respectfully request that Plaintiff's Motion for Partial Summary Judgment be denied.

DATED this 20th day of July, 2018.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Michael L. Pivor

Michael L. Pivor, Esquire, DC No. 500911
1233 20th Street, N.W., Eighth Floor
Washington, D.C. 20036
Telephone: (202) 712-7000
Facsimile: (202)712-7100
mpivor@bonnerkiernan.com
***Counsel for Defendants***